UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT LAMOUNT CROSSLEY,

Plaintiff,

v.

DIAZ GARCIA, et al.

Defendants.

Case No.: 1:26-cv-00624-CDB (PC)

**ORDER TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO RESPOND TO THE FIRST SCREENING ORDER**

14-Day Response Deadline

Plaintiff Robert Lamont Crossley is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. INTRODUCTION**

On August 13, 2026, this Court issued its First Screening Order. (Doc. 14.) It found Plaintiff plausibly alleged Eighth Amendment excessive force claims against Defendants Diaz Garcia, Garcia, K. Garcia, Flores, and Lopez but failed to allege any other cognizable claim against any other named Defendant. (*Id.* at 5-13.) Plaintiff was directed to: (1) notify the Court in writing if he did not wish to file a first amended complaint and was willing to proceed only on the Eighth Amendment excessive force claims against Defendants Diaz Garcia, Garcia, K. Garcia, Flores, and Lopez, in their individual capacities, with the remaining claims against any defendant to be dismissed; or (2) file a first amended complaint curing the deficiencies identified in the order; or (3) in the alternative, file a notice of voluntary dismissal (Fed. R. Civ. P. 41 (a)(1)(A)(i))

within 21 days of the date of service of the order. (*Id*. at 13-14.)

Despite the passage of more than 21 days, plus time for mailing, Plaintiff has failed to respond to the Court's screening order in any way.

## II. DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

As noted above, Plaintiff has failed to comply with the Court's order to timely respond to the screening order. Therefore, this action is subject to dismissal for Plaintiff's failure to obey court orders and failure to prosecute. *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130-31; *Henderson*, 779 F.2d at 1424.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's screening order. Alternatively, within that same time, Plaintiff may file a notice indicating he is willing to proceed only on his cognizable claims, or a first amended complaint, or a notice of voluntary dismissal.

**Any failure by Plaintiff to timely comply with this Order to Show Cause *will* result in a recommendation that this action be dismissed for Plaintiff's failure to comply with court**

**orders and failure to prosecute**.

IT IS SO ORDERED.

Dated: **September 16, 2026**

UNITED STATES MAGISTRATE JUDGE