UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT LAMOUNT CROSSLEY,

Plaintiff,

v.

DIAZ GARCIA, et al.

Defendants.

Case No.: 1:26-cv-00624-CDB (PC)

**ORDER DISCHARGING ORDER TO SHOW CAUSE**

(Doc. 15)

**FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS**

14-Day Objection Deadline

Clerk of the Court to Assign District Judge

Plaintiff Robert Lamont Crossley is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. PROCEDURAL BACKGROUND**

On August 13, 2026, the Court issued its First Screening Order. (Doc. 14.) Plaintiff was directed to (1) notify the Court in writing if he did not wish to file a first amended complaint and was willing to proceed only on the Eighth Amendment excessive force claims against Defendants Diaz Garcia, Garcia, K. Garcia, Flores, and Lopez, in their individual capacities, the remaining claims against any defendant to be dismissed; or (2) file a first amended complaint curing the deficiencies identified by the Court; or (3) alternatively, file a notice of voluntary dismissal, within 21 days. (*Id*. at 14.)

After Plaintiff failed to comply with and timely respond to the First Screening Order, on September 16, 2026, the Court issued its Order to Show Cause (OSC) in Writing Why this Action Should Not Be Dismissed for Plaintiff's Failure to Respond to the First Screening Order. (Doc. 15.) Plaintiff was to respond within 14 days. (*Id*. at 3.)

On September 17, 2026, Plaintiff filed an untitled document that indicates he does not wish to file a first amended complaint and wishes "to proceed on the Eighth Amendment excessive force claims against [Defendants] Diaz Garcia, Garcia, K Garcia, Flores, and Lopes in their individual capacities and the remaining claims are to be dismissed." (Doc. 16.)[1]

Considering Plaintiff's notice, the Court will discharge the OSC and recommend this action proceed on the claims found cognizable by the Court at screening.

## II. ORDER AND RECOMMENDATIONS

Accordingly, the Court **HEREBY ORDERS** that:

1. The OSC issued September 16, 2026 (Doc. 15) is **DISCHARGED**; and
2. The Clerk of the Court is **DIRECTED** to randomly assign a district judge to this action.

Further, given Plaintiff's notice filed September 17, 2026, the undersigned **HEREBY RECOMMENDS** that:

1. For the reasons set forth in the First Screening Order (Doc. 14), this action **PROCEED** on the Eighth Amendment excessive force claims against Defendants Diaz Garcia, Garcia, K. Garcia, Flores, and Lopez, *in their individual capacities only*;
2. That the remaining claims against any defendant be **DISMISSED**; and
3. The Clerk of the Court be **DIRECTED** to modify the docket to reflect that Defendants Diaz Garcia, Garcia, K. Garcia, J. Flores, and S. Lopez are being sued in their individual capacities only.

[1] The document is dated August 21, 2026. (Doc. 16 at 1.) Plaintiff also states the document was returned to him by the mailroom twice and includes a copy of an envelope marked "Return to Sender, No Such Number, Unable to Forward" by the United States Postal Service. (*Id*. at 3.) The envelope is addressed: "Clerk of the Court, Room 1501, United States District Court, 2500 Tulare Street, Fresno CA 93721." (*Id*.) The undersigned notes Plaintiff's envelope reflects this Court's correct mailing address.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **14 days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed 15 pages. Any pages filed beyond the 15-page limit may not be considered. An objecting party shall not file exhibits with its objections but exhibits already part of the record may be referenced by the document and page number. Failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 21, 2026**

UNITED STATES MAGISTRATE JUDGE